**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Loughran, | No. CV-23-00108-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| MIC General Insurance Corporation, | |
| Defendant. | |

This case concerns Plaintiff's class action efforts[1] to enforce the Uninsured and Underinsured Motorist Coverage policies (the "Policies") issued to him by Defendant. (Doc. 1-1 at 11). After removing this action to federal court, Defendant filed an unopposed Motion to Stay (Doc. 7)[2] pending the Arizona Supreme Court's disposition[3] on two certified questions relating to Plaintiff's breach of insurance contract and bad faith claims under A.R.S. § 20-259.01. (Doc. 7 at 6). *See Franklin v. CSAA General Insurance Company*, No. 2:22-cv-00540-JJT (D. Ariz. Nov. 2, 2022), at Doc. 52. This Court has

---

[1] Plaintiff filed a Class Action Complaint in Arizona Superior Court claiming Defendant breached its insurance contract and acted in bad faith when it failed to "stack" Plaintiff's benefits under the Policies. (Doc. 1-1 at 4–22); *see also Loughran v. MIC General Ins. Corp.*, Case No. CV2022-016743 (Ariz. Super. Ct. Dec. 19, 2022). Plaintiff seeks a declaration from this Court that he is entitled to stacked coverage under the Policies. (Doc. 1-1 at 24–25). The action was subsequently removed to this Court. (Doc. 1).

[2] Plaintiff has not filed a Response and the time to do so has passed. *See* LRCiv 7.2(c) (opposing party has 14 days after service within which to serve and file a responsive memorandum).

[3] *See Franklin v. CSAA General Insurance Company*, CV-22-0266-CQ (Ariz.).

already issued stays in two cases with similar fact patterns. *See Creasman v. Farmers Casualty Insurance Company*, No. 2:22-cv-01820-DJH (D. Ariz. Dec. 23, 2022), at Doc. 27; *see also Whitehead v. Amica Mutual Insurance Company*, 2:22-cv-01978-DJH (D. Ariz. Dec. 28, 2022), at Doc. 20.  Thus, the Court incorporates its findings in *Creasman* and *Whitehead* and grants Defendant's Motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 428, 254 (1936). Courts must weigh the following "competing interests" to determine whether to issue a *Landis* stay: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and question of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "If there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay" faces a heightened burden and "must make out a clear case of hardship or inequity." *Percy v. United States*, 2016 WL 7187129, *2 (D. Ariz. 2016) (quoting *Lockyer*, 398 F.3d 1109).  It is proper to stay proceedings in a case "pending the outcome of the 'lead' case even where the 'lead' case may not be potentially dispositive of the case sought to be stayed" and "even where the 'lead' case may, at most, streamline the issues in the case sought to be stayed." *Equal Emp. Opportunity Comm'n v. Bashas', Inc.*, 2012 WL 13104758, at *1 (D. Ariz. Apr. 6, 2012) (recognizing concurrent litigation as a lead case that would "be extremely important to the legal issues before [the] Court").

As they do in *Creasman* and *Whitehead*, the three competing interests set forth in *Lockyer* weigh in favor of staying the present proceedings.  First, there is no evidence before the Court that Plaintiff will suffer injury due to a stay.  Second, absent a stay, Defendant argues it "faces substantial risk of costly and time consuming motion practice

and discovery, which could be all for naught." (Doc. 7 at 8). This district has recognized such evidence of hardship in the class action setting and found it weighs in favor of a stay. *See Winters v. Loan Depot LLC*, 2020 WL 8254053, at *1–2 (D. Ariz. Oct. 29, 2020) (finding that "[d]enying the stay would subject Defendant to costs related to class certification briefing, completing expert discovery, briefing dispositive motions, and potentially preparing for trial, all while the [Arizona] Supreme Court considers an issue that could significantly narrow the case").

Finally, a stay would promote the orderly course of justice. Certain claims in Plaintiff's Class Action Complaint rely on the implications of A.R.S. § 20-259.01. Thus, it is in the interest of judicial economy to wait until the Arizona Supreme Court clarifies this area of the law as it would avoid the use of resources on discovery and potentially fruitless motions. *See Berrow v. Navient Sols. LLC*, 2020 WL 8267706, at *2–3 (D. Ariz. Dec. 17, 2020).

Moreover, the Court considers *Franklin* to be a "lead" case for numerous cases in the District of Arizona that raise similar issues under A.R.S. § 20-259.01. *See Equal Emp. Opportunity Comm'n*, 2012 WL 13104758, at *1. As noted in Defendant's Motion, many of these cases have been stayed pending the resolution of the certification request in *Franklin*.[4] (Doc. 7 at 1–2, 4–5). Thus, the Court will stay proceedings in the present matter because it relates to the certified questions and resolution of these questions "could materially impact this Court's assessment of Plaintiff's claims" in his Class Action Complaint. (Doc. 7 at 6).

Accordingly,

**IT IS ORDERED** that Defendant's Expedited Motion to Stay Proceedings (Doc. 7) is **GRANTED**. This matter is stayed as it relates to the Arizona Supreme Court's ultimate disposition on the accepted certified questions that were proposed in *Franklin v. CSAA*

---

[4] *Franklin v. CSAA Gen. Ins. Co.*, No. CV-22-00540-PHX-JJT (D. Ariz.); *see also Miller v. Trumbull Ins. Co.*, No. CV-22-01545-PHX-JJT (D. Ariz.); *see also Doyle v. Pekin Ins. Co.*, No. CV-22-00638-PHX-JJT (D. Ariz.); *see also Bode v. Travelers Prop. Casualty Ins. Co.*, No. 2:22-CV-01847-PHX-DWL (D. Ariz.); *see also Dale v. Travelers Prop. Cas. Ins. Co.*, No. 2:22-CV-1659-PHX-JZB (D. Ariz.); *see also Muehlhausen, et al. v. Allstate Fire & Cas. Ins. Co.*, No. 2:22-cv-01747-PHX-JAT (D. Ariz.).

*General Insurance Company*, No. 2:22-cv-00540-JJT (D. Ariz. Nov. 2, 2022).

**IT FURTHER ORDERED** that the parties must file a joint notice of decision within **five (5)** days of the Arizona Supreme Court's resolution of the certified questions.

Dated this 17th day of February, 2023.

Honorable Diane J. Humetewa
United States District Judge