**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Loughran, | No. CV-23-00108-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| MIC General Insurance Corporation, | |
| Defendant. | |

Before the Court is Plaintiff Christian Loughran's ("Plaintiff") Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class ("Motion"). (Doc. 52). For the reasons stated below, the Court will grant the Motion and approve the underlying settlement at this preliminary stage.

## I.    Background

Courts throughout this District have now widely accepted that A.R.S. § 20-259.01 mandates that a single policy insuring multiple vehicles provides different UIM coverages for each vehicle. The issue was not so well-settled before the Arizona Supreme Court's July 28, 2023, decision in *Franklin v. CSAA Gen. Ins. Co.*, 532 P.3d 1145, 1146–47 (Ariz. 2023). There, the court held:

> (1) § 20-259.01's text, history, and purpose provide that an insured covered by a multi-vehicle policy has necessarily "purchased" multiple UIM coverages for each vehicle under subsection (H); thus, rather than employing singular definitions of "coverage" in their policies, insurers must comply with the statute's requirements in order to prevent insureds from intra-policy stacking; and (2) § 20-259.01(B) does not limit UIM coverage.

*Franklin*, 532 P.3d at 1153.  After that, many class actions centering on that issue followed, including this one.

Plaintiff in this case alleges that he was injured in an automobile collision that resulted in over $34,000 in damages.  (Doc. 1 at ¶ 2). Plaintiff had a policy with Defendant MIC General Insurance Corporation ("MIC") that insured two vehicles at $25,000 per person and an aggregate limit of $50,000 per collision. (*Id.*) He alleges that in contravention of A.R.S. § 20-259.01(H), MIC would not allow him to stack the two vehicles' coverage. (*Id.* at ¶¶ 4–5). The denial of stacking prompted Plaintiff to file a lawsuit against MIC for breach of contract and breach of the implied covenant of good faith and fair dealing, and declaratory relief.  (*Id.* at 4).  After the case was removed from the Maricopa County Superior Court and after discovery, the parties engaged in multiple full day negotiations and the parties were able to reach a settlement that is attached to this Motion.  (Doc. 52 at 13, Ex. 1, Settlement Agreement).  Plaintiff then filed the current Motion.

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 23(a), one or more members of a class may sue or be sued as representative parties on behalf of all members only if all four of the following prerequisites are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protects the interests of the class. Fed. R. Civ. P. 23(a).  On top of satisfying the four prerequisites above, at least one of the following must be true: (1) Risk of inconsistency: the prosecution of separate actions by individual class members would create a risk of inconsistent adjudications or adjudications that would be dispositive of non-party class member interests; (2) Appropriate Class-Wide Injunctive Relief: injunctive or declaratory relief is appropriate respecting the class as a whole because the conduct of the opposing party applies generally to the class; or (3) Predominance and Superiority: questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action

is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b).[1] When there is an underlying settlement in a class action, that settlement needs the approval of the district court. Fed. R. Civ. P. 23 (e). At the preliminary approval stage, the Court only needs to evaluate whether the proposed settlement (1) appears to be the product of serious, informed, non-collusive negotiations, (2) has no obvious deficiency, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls within the range of possible approval. *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008).

### a. Rule 23(a)(1)'s Numerosity Requirement

The numerosity prerequisite set out by Rule 23(a)(1) is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Generally, courts will find that numerosity is satisfied when the class includes at least 40 members. *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). However, numerosity has no absolute numerical ceiling or floor, and instead turns on the specific facts of the case. *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980). When courts come across classes of fewer than 40 members, they usually look to other subfactors like: (a) geographic diversity of class members; (b) their ability to institute separate suits; (c) the nature of the underlying action and the relief sought. *Jordan v. Los Angeles Cty.*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, *Cty. of Los Angeles v. Jordan*, 459 U.S. 810 (1982), *modified*, 726 F.2d 1366 (9th Cir. 1984). "A further consideration in determining numerosity is whether or not prosecution of individual cases would severely burden the judiciary." *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 261 (S.D. Cal. 1988).

The Court is hesitant to certify a class of only nine members. Courts throughout the country, as a general rule, find that classes of 20 are too small. *Ikonen*, 122 F.R.D. at 261. Classes between 20–40, on the other hand, represent a grey area, which may not be big enough depending on the circumstances. *Id.* at 262. Plaintiff has cited no authority where a district court has certified a class of only nine. But as Plaintiff points out, the question is

---

[1] Plaintiff only seeks certification under Rule 23(b)(3). (*See* Doc. 52 at 29).

really an impracticability-of-joinder rule, not a strict numerosity rule, and the Court finds that subfactors that are often analyzed by courts to determine numerosity mainly weigh in Plaintiff's favor. There is some geographic diversity here where the class members are spread across two counties and five different cities. And as Plaintiff states, the Court finds that these class members are unlikely and even unable to file individual claims because they are currently unaware of the existence of their claims—and unlikely to become aware absent the settlement. (Doc. 24 at 24). Certification of the relatively small class would also promote judicial economy as it is the most efficient mechanism to ensure the fair disclosure of members' rights. Therefore, the Court finds that Plaintiff has met the numerosity requirement.

### b. Rule 23(a)(2)'s Commonality Requirement

Commonality requires "questions of law or fact common to the class." Rule 23(a)(2). To satisfy the commonality requirement, the class representative must demonstrate that common points of facts and law will drive or resolve the litigation. *See Dukes*, 564 U.S. at 350. For the purposes of Rule 23(a)(2), even a single common question satisfies the requirement. *See id.* at 359; *Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 957 (9th Cir. 2013) (citing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012)).

Here, Plaintiff asserts that there are several questions common to the proposed settlement class. The insurance policies were purchased in Arizona and for all members of the proposed class, the policy includes multi-vehicle UM or UIM coverage and the same limitation of liability language. (Doc. 52 at 26). Plaintiff also alleges that each member requested UM/UIM coverage from MIC but only received the policy limit for for one covered vehicle. (*Id.*) This was despite MIC not providing the required notice under 259.01 (H). (*Id.*) Additionally, Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing are all based on the same stacking issue, making them identical to claims of the rest of the class. (*Id.* at 27). And because all the policies were issued in Arizona, Arizona law controls and applies to each member. Therefore, Plaintiff presents common questions that can be resolved on a class-wide basis. *See Dukes*, 564 U.S.

at 350. Accordingly, Plaintiff satisfies Rule 23(a)'s commonality requirement.

### c.  Rule 23(a)(3)'s Typicality Requirement

Typicality requires that "claims or defenses of the representative parties are typical of the claims or defenses of the class."  Rule 23(a)(3). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (citations omitted). The typicality and commonality requirements somewhat overlap. *See Falcon*, 457 U.S. at 157 n.13. The named plaintiff's claims and the rest of the class claims need not be identical to satisfy the typicality requirement. *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). If the claims arise from a similar course of conduct and share the same legal theory, certain factual differences or differing damages may not necessarily defeat typicality. *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116–18 (9th Cir. 2017).

As discussed, Plaintiff's claims and the proposed Settlement Class members' claims are identical, as they arise of the same contract and from virtually identical injuries. (Doc. 52 at 27).  Plaintiff's claims are based on the similar facts and legal theories applicable to the proposed Settlement Class.  (*Id.*) Accordingly, Plaintiff satisfies Rule 23(a)'s typicality requirement.

### d. Rule 23(a)(4)'s Adequacy Requirement

The last of Rule 23's four prerequisites is adequacy, which requires that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 625.

To resolve the question of legal adequacy, the Court must answer two questions: (1) whether the named plaintiff and his counsel have any conflicts of interest with other class members; and (2) whether the named plaintiff and his counsel vigorously prosecuted the action on behalf of the class. *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012). This adequacy inquiry considers a number of factors, including "the

qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Brown v. Ticor Title Ins.*, 982 F.2d 386, 390 (9th Cir. 1992). "The adequacy of-representation requirement tend[s] to merge with the commonality and typicality criteria of Rule 23(a)." *Amchem*, 521 U.S. at 626 n. 20.

The first prong requiring examination of potential conflicts of interest in settlement agreements "has long been an important prerequisite to class certification. That inquiry is especially critical when [ ] a class settlement is tendered along with a motion for class certification." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), overruled on other grounds by *Dukes*, 564 U.S. 338. Here, Plaintiff argues there are no conflicts with other Class Members for the same reasons regarding commonality and typicality because Plaintiff suffered the same alleged injury as the rest of the proposed Settlement Class. (Doc. 36 at 23).

The second prong of the adequacy inquiry examines the vigor with which Plaintiff and his counsel have pursued the common claims. "Although there are no fixed standards by which vigor can be assayed, considerations include competency of counsel and, in the context of a settlement-only class, an assessment of the rationale for not pursuing further litigation." *Hanlon*, 150 F.3d at 1021 (internal citations omitted). Probing Plaintiff's and his counsel's rationale for not pursuing further litigation, however, is inherently more complex. "District courts must be skeptical of some settlement agreements put before them because they are presented with a 'bargain proffered for . . . approval without the benefit of an adversarial investigation.'" *Id.* at 1022 (quoting *Amchem*, 521 U.S. at 620).

There appears to be no conflict of interest between Plaintiff and the proposed class, especially in light of the commonality and typicality requirements being met. *See Zwicky*, 343 F.R.D. at 116 (finding no conflict when commonality and typicality were met, and plaintiffs suffered the same alleged injury as the rest of the proposed class). The Court also finds that Plaintiff's counsel has no conflict with the proposed class members, as counsel has previously litigated related cases and achieved favorable results.  (Doc. 52 at 28). For

the same reason, the Court finds that Plaintiff's counsel is likely to "prosecute the action vigorously on behalf of the class." *Evon*, 688 F.3d at 1031. Plaintiff has shown adequacy. Accordingly, Plaintiff satisfies Rule 23(a)'s adequacy requirement.

Having found that the four prerequisites of 23(a) are met, the Court will move on to 23(b)(3)'s requirements.

## Rule 23(b)

Plaintiff seeks to certify the class under Rule 23(b)(3), which allows class certification when two things are true: (1) question of law or fact common to class members predominate over question affecting individual members, the predominance requirement; and (2) when a class action is superior to other available methods, the superiority requirement. Fed. R. Civ. P. 23(b)(3).  The Court will address each in turn.

### a. Predominance

The predominance inquiry "focuses on the relationship between the common and individual issues and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotations omitted). "[C]ourts have a duty to take a close look at whether common questions predominate over individual ones to ensure that individual questions do not overwhelm questions common to the class." *Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d 918, 927 (9th Cir. 2019) (internal quotations omitted).

Here, common issues predominate over the individual issues, favoring the finding of predominance.  Liability will be established by policy forms, standardize letters, and the uniform letters and practices of the insurer. (Doc. 52 at 29).  Although the proposed members will have individualized damages, that "does not defeat finding predominance." *Just Film*, 847 F.3d at 1121. Here, damages will be calculated on a class-wide basis using a set formula, which is sufficient to satisfy this element. (Doc. 52 at 30); *See McClure v. State Farm Life Ins. Co.*, 341 F.R.D. 242, 254 (D. Ariz 2022) (finding predominance where the damages model was "applied on a class-wide basis to calculate damages for each individual policyholder in the class"). Additionally, Plaintiff does not have any unique

claims that are not common to the Class Members. The Court, therefore, finds that Plaintiff has shown that common questions of law and fact predominate.

### b. Superiority

To satisfy the requirements of Rule 23(b)(3), Plaintiff must also show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

Here, a class action will promote efficiency. Each class member's claims involve substantially similar contracts and conduct and filing individual cases would inundate the Court with duplicative filings on the same issue. (Doc. 52 at 32–33). Additionally, although the damages sums will vary amongst the class members, many of the claims are simply too small to make individual litigation possible. *See McClure*, 341 F.R.D. at 254 ("[B]ecause the recoveries of each individual class member will be relatively small, a class action is superior to other methods of adjudication."). Therefore, superiority has been met.

### III. Preliminary Approval of the Settlement

To assess the underlying settlement at this stage, the Court must look at whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e)(2); *see also* David F. Herr, *Ann. Manual Complex Lit.* § 21.632 (4th ed. 2023). Although several factors are used to assess whether the underlying settlement should be approved, at the preliminary stage, the Court only looks at a limited number. These include: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiency; (3) does not improperly grant preferential treatment to the class representatives or segments of the class; and (4) falls within the range of possible approval. *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 363 (D. Ariz. 2009). Because "[s]ettlement is the offspring of compromise; the question . . . is not whether the final product could be [better], but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th

Cir. 1998).

Here, the proposed settlement class includes:

> "Settlement Class" means all persons insured under an MIC policy/policies issued in Arizona, that provided uninsured ("UM") or underinsured ("UIM") motorist coverage for more than one motor vehicle, who received a claim payment equal to the limit of liability for the UM or UIM benefits for only one vehicle; or who were one of multiple claimants where the aggregate total paid on such claims was equal to the aggregate limit of liability for the UM or UIM benefits for only one vehicle, as reflected in the agreed-upon list attached hereto as Exhibit B.

(*See* Doc. 54-1 at 4, Ex. 1, Settlement Agreement and Release). The settlement agreement also releases Defendant of claims, some stated, some not: breach of contract, unjust enrichment, fraud, consumer fraud, declaratory judgment, bad faith, compensatory damages punitive damages, extra contractual damages, interests, costs and attorney fees. (*Id.* at 32). In addition, a settlement fund will be established for $900,000. (*Id.* at 33). According to class counsel, attorney fees will be provided from the settlement fund, and the majority of the proceeds will go to class members. (Doc. 52 at 39). At this preliminary stage, and because the settlement agreement does not suffer from any obvious deficiencies, the Court finds that the settlement should be approved. *See Vasquez v. Coast Valley Roofing, Inc.,* 670 F.Supp.2d 1114, 1125 (E.D. Cal. 2009) ("To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiff's expected recovery balanced against the value of the settlement offer.").

Accordingly,

**IT IS ORDERED** that Plaintiff Christian Loughran's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class (Doc. 52) is **granted.**

**IT IS FURTHER ORDERED** as follows:

1.      The Court preliminarily approves the Parties' Settlement Agreement and the Settlement set forth therein as fair, adequate and reasonable, and in the best interest of the

putative class members, subject to further consideration at a final fairness hearing (the "Final Fairness Hearing").

2.      The Court hereby certifies the following Class for the purposes of settlement (the "Settlement Class"):

All persons insured under a MIC policy/policies issued in Arizona during the Class Period, that provided uninsured ("UM") or underinsured ("UIM") motorist coverage for more than one motor vehicle, who either (1) received a claim payment equal to the limit of liability for the UM or UIM benefits for only one vehicle; or (2) were one of multiple claimants where the aggregate total paid on such claims was equal to the aggregate limit of liability for the UM or UIM benefits for only one vehicle.

3.      The Court designates Plaintiff Christian Loughran as Class Representative for the Settlement Class.

4.      The Court appoints Robert B. Carey of Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

5.      The Final Fairness Hearing shall be held before this Court on **August 27, 2026, at 10:00 a.m. in front of Judge Diane J. Humetewa at the United States District Court, Sandra Day O'Connor U.S. Courthouse, located in Courtroom 605, 6th Floor, 401 West Washington Street, Phoenix, AZ, 85003** (a date no sooner than 90 days following completion of the notice being issued pursuant to 28 U.S.C. § 1711 et seq.), to determine whether to approve certification of the class for settlement purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the service award that should be provided to the Class Representative. The Court may adjourn the Final Fairness Hearing without further notice to the members of the Settlement Class.

6.      The Court approves the proposed Notice, Exhibit A to the Settlement

- 10 -

Agreement. The Court further finds that the proposed plan of notice and the proposed content of the notice, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Court appoints the firm of Epiq Class Action & Claims Solutions, Inc., as the Settlement Administrator. Plaintiff and his designees, including the Settlement Administrator, are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreement. The Court appoints the Settlement Administrator to supervise and administer the notice procedure, as more fully set forth below.

8. Beginning no later than 30 days following the Settlement Administrator's receipt of final and approved Settlement Class member contact data (the "Notice Date"), the Settlement Administrator shall begin issuing direct notice by first class U.S. mail to all Settlement Class members for whom there is a valid mailing address, whose mailing addresses can be identified with reasonable effort, or alternatively by email, if mailing addresses are not available, substantially in the form attached as Exhibit A to the Settlement Agreement.

9. All members of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the settlement, whether favorable or unfavorable to the Settlement Class.

10. Class Counsel shall file their motion for attorneys' fees, costs, and service award for Class Representative, and all supporting documentation and papers, 30 days before the deadline for exclusions and objections.

11. Any person who desires to request exclusion from the Settlement Class shall do so within 60 days of the Notice Date. To be excluded from the settlement, the exclusion request must be received by the Settlement Administrator no later than 60 days after the Notice Date. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement

funds, and shall not be bound by the final judgment relating to the Defendants entered in the litigation.

12.    Any member of the Settlement Class who has not requested to be excluded may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

13.    Any member of the Settlement Class who has not requested to be excluded may appear, object, and show cause, if he or she has any reason, why the proposed settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the service award should or should not be awarded to Class Representatives. All such written objections and supporting papers must be mailed or filed with the Court within 60 days of the Notice Date, with a copy to the Settlement Administrator, and include:

a. The Objector's full name, address, telephone number, and email address and, if represented by an attorney, the attorney's full name, address, telephone number, and email address;

b. The name and number of the case: *Christian Loughran v. MIC General Insurance Company*, Case No. 23-cv-00108-PHX-DJH;

c. Whether the objection applies only the Objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

d. The specific grounds for each objection the Objector is asserting, including a description of the legal authorities and factual basis that support the objection;

e. Whether the Objector intends to appear at the Final Fairness Hearing, either in person or through his or her attorney;

f. If the Objector intends on using exhibits or affidavits at the Final Fairness Hearing, attaching such exhibits to the objection;

g. If the Objector intends on calling witnesses at the Final Fairness Hearing, the name and address of the witness, and a summary of the witness's anticipated testimony; and

h. Identify, if any, the number class actions settlements the Objector has objected to in the last five years, the caption of that case, the identity of the Objector's attorney, and copies of any orders entered by the court related to those class action settlements.

15. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed by:

| Event | Proposed Deadline |
|---|---|
| Settlement Class Data provided to Epiq | **April 17, 2026** |
| Notice Start Date | **May 18, 2026** |
| Last day for motion for attorneys' fees, costs, expenses, and service awards | **June 12, 2026** |
| Last day for objections to settlement | **July 17, 2026** |
| Last day for requests for exclusion from the Settlement Class | **July 17, 2026** |
| Last day to file motion in support of final approval of settlement | **July 31, 2026** |
| Fairness Hearing | **August 27, 2026 at 10:00 a.m.** |

16. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

17. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

18. All members of the Settlement Class who have not requested to be excluded are

temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

19. Except for proceedings in furtherance of the Settlement Agreement, this Action is stayed pending further order of the Court.

Dated this 26th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 14 -